CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 APR -1  AM II: 59

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO: 1:11-CR-00018-P-BL-1** |
| | § | |
| | § | |
| **BOBBY VILLANUEVA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. §636(b) and the referral Order dated March 4, 2015 (Doc. 52), concerning the motion to revoke Defendant Bobby Villanueva's term of supervised release.

## I.    PROCEDURAL BACKGROUND

### A.    Original Conviction

On June 6, 2011, Defendant Bobby Villanueva pleaded guilty to one count of Possession With Intent to Distribute Cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a Class C Felony (Docs. 26, 29). On August 10, 2011, Defendant was sentenced to 31 months custody, with a 3-year term of supervised release (Docs. 35, 36). Supervision commenced August 15, 2013.

### B.    Revocation Proceedings

#### 1)    Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated February 26, 2015 (Doc. 49), requesting revocation of Defendant's supervised release and that he be ordered to serve a sentence as determined by the Court. This Motion followed a Petition of the

1

United States Probation Office dated December 3, 2015, requesting a violator's warrant for Defendant's arrest after violating the conditions discussed below. The District Judge ordered the issuance of a warrant on January 16, 2015 (Doc. 38), the warrant was returned executed on February 18, 2015 (Doc. 41), and the Magistrate Judge conducted an initial appearance on February 19, 2015 (Doc. 42). A preliminary revocation hearing was set for February 26, 2015 (Doc. 45), at which time Defendant, represented by counsel, orally waived detention and did not contest probable cause. A written waiver of detention was filed February 27, 2015 (Doc. 50) and an Order of Detention and Finding Probable Cause was entered by the Magistrate Judge on the same date (Doc. 51).

### 2)      Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically:

**(a)**

**Violation of Standard Condition No. 7:**

The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition**

The Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The Defendant shall abstain

from the use of alcohol and/or all other intoxicants during and after completion of treatment. The Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Defendant violated these conditions of supervised release by using and possessing alcohol in or about November and December 2013. On November 6 and December 12, 2013, Defendant submitted urine specimens at Cantu Counseling Services, a federal drug treatment provider in Abilene, Texas, that tested positive for alcohol. Furthermore, on November 25, 2013, and January 6, 2014, Defendant admitted, verbally and in writing, to U.S. Probation Officer Scott Cannon (USPO Cannon) that he had used alcohol on November 6 and December 11, 2013.

**(b)**

**Violation of Mandatory Condition**

The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation of Standard Condition No. 7:**

The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled

3

substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition**

The Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Defendant violated these conditions of supervised release by using and possessing methamphetamine and marijuana in or about October 2014. On October 23, 2014, Defendant submitted a urine specimen at the U.S. Probation Office in Abilene, Texas, that tested positive for methamphetamine. Later, on October 30, 2014, Villanueva submitted a urine specimen at the U.S. Probation Office in Abilene, Texas, which yielded positive results for the presence of methamphetamine and marijuana. On this same date, Defendant admitted, verbally and in writing, to USPO Cannon that he had used methamphetamine on October 21 and 28, 2014.

**(c)**

**Violation of Standard Condition No. 8:**

4

The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

**Violation of Standard Condition No. 9:**

The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Defendant violated these conditions of supervised release when he associated with known gang members of the Mexican Mafia and Texas Syndicate in or about October 2014. Specifically, on October 30, 2014, Defendant admitted to USPO Cannon that he was with "made members" of the prison gangs when he used methamphetamine.

**C.    Revocation Hearing**

A Final Hearing on the Motion to Revoke Supervised Release was held on March 19, 2015, before the Magistrate Judge. Defendant was represented by Kenneth Leggett; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded. Upon call of the matter, Defendant was placed under oath and advised of the alleged violations by reading the revocation motion. **Defendant consented in writing to allocution before the Magistrate Judge (Doc. 56).**

At the final hearing, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge imposing the final sentence was not obligated to impose the sentence recommended by the Magistrate Judge. Defendant acknowledged his understanding and entered a guilty plea to the allegations contained in the Government's Motion to Revoke Supervised Release dated February 26, 2015. No allocution was provided by Defendant, although his counsel did present argument is support of leniency.

## II.   FINDINGS OF THE COURT

(1)   The Defendant pled true to the allegations that he violated the conditions of his supervised release as contained in the Government's Motion to Revoke.

(2)   The Defendant was competent to make the decision to plead true to the allegations.

(3)   The Defendant had both a factual and rational understanding of the proceedings against him.

(4)   The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

(5)   The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense.

(6)   The Defendant received a copy of the Government's Motion to Revoke, either read it or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him.

(7)   A preliminary revocation hearing was held, at which time Defendant, represented by counsel, orally waived detention and did not contest probable cause.

(8)   At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations.

(9)     The Defendant violated the conditions of his release.

## III.   SENTENCING

### A.    FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i.     The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii.    The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[1];

iii.   The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

v.     The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

---

[1] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release.

## B.    STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of four to ten months, based upon Defendant's criminal history category of II and the admitted violations being that of Grade C. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violation of possession of a controlled substance. *See* 18 U.S.C. § 3583(g)(1).

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release that could be reimposed must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h). In this case, Defendant is subject to a term of supervised release of a minimum of three years up to life, less any term of imprisonment imposed upon revocation of his supervised release.

## IV.    ANALYSIS AND RECOMMENDATION

Upon consideration of the foregoing, the Magistrate Judge **RECOMMENDS** that:

(1)    Defendant be found to have **violated** the conditions of his supervised release as set out in the Government's Motion to Revoke, and that his supervised release be **REVOKED**;

(2)    Defendant be **SENTENCED** to the custody of the Attorney General for a period of **ten (10) months**; and

(3)     the District Judge impose a **twenty-six (26) month term of supervised release** after the Defendant's term of incarceration is served (that being the statutory minimum of 3 years less 10 months recommended revocation sentence), with the following conditions:

## A.     Mandatory Conditions

   i.     The Defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons;

   ii.    The Defendant shall not commit another federal, state, or local crime;

   iii.   The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court;

   iv.    The Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

   v.     The Defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

## B.     Additional Condition

The Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for the treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10.00 per month.

## <u>NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO<br>REPORT AND RECOMMENDATION</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate

judge is not specific. Failure to file specific written objections will bar the aggrieved party from

appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs.*

*Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      SIGNED this 1st day of April, 2015.


                              E. SCOTT FROST
                              UNITED STATES MAGISTRATE JUDGE